```
           IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF TEXAS
                     HOUSTON DIVISION

CHARLES VAN TASSEL,              §
                                 §
          Plaintiff,             §
                                 §
VS.                              §    Civ. A. H-14-2864
                                 §
STATE FARM LLOYDS, INC. AND      §
ANDRE HUTCHINS,                  §
                                 §
          Defendants.            §
```

**OPINION AND ORDER**

Pending before the Court in the above referenced cause, alleging underpayment of a damage claim under a property insurance policy after a storm in Alvin, Texas, is Plaintiff Charles Van Tassel's motion to delay consideration (instrument #12) of Defendant State Farm Lloyds' pending motion for summary judgment (#7) and to rule first on Plaintiff's third motion to remand under 28 U.S.C. § 1446(c)(1)[1] on the grounds that the third removal of this action occurred more than one year after the suit was filed. Van Tassel claims that "a court should consider subject matter jurisdiction before it addresses an attack on the merits."[2]

---

[1] Plaintiff erroneously identifies § 1443(b)(3) for this procedural rule.  Title 28 U.S.C. § 1446(c)(1) provides,

> A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff acted in bad faith in order to prevent a defendant from removing the action.

[2] *Citing Carr v. Montgomery County*, \_\_\_\_\_ F. Supp. 3d \_\_\_\_\_, 2014 WL 4983547, at *2 (S.D. Tex. Oct. 6, 2014).

-1-

In response in opposition and while insisting that it did remove this case in a timely fashion, State Farm Lloyds argues the motion to delay should be denied because Plaintiff's untimely third motion to remand does not raise any issue about subject matter jurisdiction, but instead argues that the removal was procedurally deficient under § 1447(c).[3]  Section 1447(c) states,

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice or removal under section 1446(a).

State Farm Lloyds timely removed this suit on October 8, 2014 pursuant to diversity jurisdiction, arguing that Defendant adjuster Andre Hutchins was improperly joined. #1 (Notice of Removal).  Plaintiff did not file his motion to remand until January 22, 2015, one hundred and six days later.  #8.  If a plaintiff fails to timely object to a procedural defect, such as untimely removal, he waives his right to remand on that ground. *Coury v. Prot*, 85 F.3d 244, 252 (5th Cir. 1996).  Because the failure to remove timely is a procedural, not a jurisdictional, defect, a motion to remand must be filed within 30 days of the filing of the notice of removal.  *In re Shell Oil Co.*, 932 F.2d 1518, 1523 (5th Cir. 1991), *cert. denied sub nom. Acuna Castillo v. Shell Oil Co.*, 502 U.S. 1049 (1993); *Howard v. Northwest Airlines, Inc.*, 793 F. Supp. 129, 131 (S.D. Tex. 1992).  Failure to file such a timely motion may result in waiver of the

---

[3] State Farm Lloyds points out this is the first motion to remand that Plaintiff has filed since adding State Farm Lloyds to the suit on September 8, 2014 in his First Amended Petition (#15-1).

plaintiff's right to object to the removal on that ground. *Barnes v. Westinghouse Elec. Corp.*, 962 F.2d 513, 516 (5th Cir. 1992); *Besler v. St. Paul Fire & Marine Ins.*, 965 F.2d 5, 8 (5th Cir. 1992)(If a plaintiff does not timely object to a defendant's untimely notice of removal, the plaintiff has waived its right to remand on that ground.). Thus the Court should not defer consideration of State Farm Lloyd's motion for summary judgment on limitations grounds because Plaintiff's motion to remand does not address or challenge subject matter jurisdiction.

The Court agrees with State Farm Lloyds and accordingly

ORDERS that Plaintiff's motion to delay consideration of State Farm Lloyd's motion for summary judgment is DENIED.

**SIGNED** at Houston, Texas, this  5th  day of  March , 2015.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE