UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

CHARLES  VAN TASSEL,              §
                                  §
            Plaintiff,            §
VS.                               §   CIVIL ACTION NO. 4:14-CV-2864
                                  §
STATE FARM LLOYDS,                §
                                  §
            Defendant.            §

## OPINION AND ORDER

The above referenced cause, arising out of claim dispute over storm damage sustained on April 4, 2012 by Plaintiff Charles Van Tassel's property, allegedly underpaid or denied by his homeowner's insurer Defendant State Farm Lloyds, which was named in his original and amended state court pleadings as "State Farm Lloyds, **Inc**," (emphasis on "Inc." added by the Court) was recently removed, for a second time, from state court on diversity jurisdiction grounds on October 8, 2014.  Pending before the Court is Plaintiff Charles Van Tassel's ("Van Tassel's") third motion to remand (instrument #8), filed on January 22, 2015, purportedly for lack of subject matter jurisdiction.  Although it is Van Tassel's third motion to remand, it is his first since he dismissed the original defendant in state court, State Farm Lloyds, **Inc.**, and made State Farm Lloyds a party to this lawsuit.

## Procedural History

The convoluted procedural history of this case is the key to resolution of the remand issue.  After a careful review of the record and the applicable law, the Court concurs with State Farm Lloyds that (1) Van Tassel waived his right to remand on this second removal because he failed to raise what is actually a procedural, not a subject-matter, defect within 30 days of removal, as required by 28 U.S.C. § 1447(c)[1] and (2) because Van Tassel has engaged in forum manipulation, the *Tedford* equitable exception should be applied here to extend the one-year restriction  on removal of a diversity suit in 28 U.S.C. § 1446(c)(1).

Regarding the first reason, the Fifth Circuit has followed the principle that "any objection to removal that does not involve whether the action could have originally been brought in federal court is a procedural error that may be waived by a litigant's failure to object to the removal within the 30-day period under § 1447(c).  *Wachovia Bank, N.A. v. PICC Property and Cas. Co. Ltd.*, 328 Fed. Appx. 946, 948 n.1 (5th Cir. Tex. May 18, 2009), *citing Williams v. AC Spark Plugs Div. Gen. Motors Corp.*, 985 F.2d 783, 787 (5th Cir.1993).

---

[1] Section 1447(c) provides in relevant part, "A motion to remand the case on the basis of any other defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).

No one disputes that the current parties, Van Tassel, a citizen of Texas, and State Farm Lloyds, a citizen of Illinois, are diverse. Furthermore it is agreed that State Farm Lloyds is not a citizen of Texas, and therefore the forum-defendant rule of § 1441(b) is not applicable.

Generally under 28 U.S.C. § 1446(b)(1), (b)(2)(B), and (b)(3), a defendant has only thirty days after being served with the petition, or other paper that may serve as the basis for removal, to remove a case from Texas state court to federal court. As noted, the last removal from state court occurred on October 8, 2014, and Van Tassel did not file his third motion to remand until January 22, 2015, 106 days after removal. Because the failure to object to removal within thirty days of the removal is a procedural defect, a noncomplaining plaintiff is deemed to have waived any nonjurisdictional ground for remand if he fails to timely object. *In re Shell Oil Co.*, 932 F.2d 1518, 1522 (5th Cir. 1991).

Moreover, under 28 U.S.C. § 1446(c)(1), "A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." The Fifth Circuit recognizes a limited exception to this rule: "Where a plaintiff

has attempted to manipulate the statutory rules for determining federal removal jurisdiction, thereby preventing the defendant from exercising its rights, equity may require that the one-year limit in § 1446(b) be extended." *Tedford v. The Warner-Lambert Co.*, 327 F.3d 423, 428-29 (5th Cir. 2003). Concluding that the time limit for removal is not jurisdictional, but simply modal and formal, and therefore waivable, the panel in *Tedford* opined that "the conduct of the parties may affect whether it is equitable to strictly apply the one-year limit." *Id.* at 426. It reasoned that "[s]trict application of the one-year limit would encourage plaintiffs to join nondiverse defendants for 366 days simply to avoid federal court, thereby undermining the very purpose of diversity jurisdiction." *Id.* at 427. Moreover, §1446 was intended by Congress to "reduc[e] opportunity for removal after substantial progress had been made in state court,'" but not "to circumvent it altogether." *Id., citing* H.R. Rep. No. 889 at 72 (1988), *reprinted in* 1988 U.S.C.A.A.N. 5982, 6031.

This suit was originally brought in the 412th Judicial district Court of Brazoria County, Texas by Van Tassel against State Farm's Lloyds, *Inc*. ("**Inc.**"), a different entity than State Farm Lloyds,[2] and against individual insurance adjuster

---

[2]State Farm Lloyds is not incorporated.

Andre Hutchins, a Texas resident, on November 15, 2012.
Although the suit was against **Inc.**, which is State Farm Lloyds'
registered agent for service of process, State Farm Lloyds
states that State Farm Lloyds was Van Tassel's actual insurer,
so State Farm Lloyds answered the petition. Moreover, on
December 14, 2012 State Farm Lloyds also informed Van Tassel
that State Farm Lloyds was the proper defendant and that **Inc.**
was not, which is reflected in State Farm Lloyds' first notice
of removal (#1-7, Ex. G). State Farm Lloyds highlights the fact
that Van Tassel's insurance policy's declaration page and State
Farm's coverage letters also state clearly that Van Tassel's
policy was issued by State Farm Lloyds, not **Inc.**, and that they
should have been, and presumably were, reviewed by Van Tassel's
attorney before filing suit, as required by both Texas Rule of
Civil Procedure 13 and Federal Rule of Civil Procedure 11. #1-
7. At his deposition, Van Tassel admitted that he had read his
insurance policy. #1-10 at 124:20.[3] Van Tassel seemingly ignored
these notices and did not modify his pleadings nor join State
Farm Lloyds as a party defendant. He insisted that his petition
asserted causes of action which he could not bring against State
Farm Lloyds and that **Inc.** was the proper defendant. State Farm
Lloyds removed the suit on diversity jurisdiction, arguing that

---

[3] Van Tassel contends that State Farm Lloyds never disclosed the Texas
citizenship of **Inc.**

Hutchins was improperly joined to defeat diversity jurisdiction.

On January 22, 2013 Van Tassel filed his first motion to remand, finally acknowledging that State Farm Lloyds had issued his policy and had assigned Hutchins to investigate Plaintiff's claim.  The undersigned judge denied Van Tassel's motion to remand and dismissed Hutchins as an improperly joined party because Van Tassel's claims against Hutchins were identical to those against the insurer.  Ex. 108, Ex. H, also available at *Van Tassel v. State Farm Lloyds*, Civ. A. No. 12-CV-3711, 2013 WL 5152324 (S.D. Tex. Sept. 11, 2013).  As discovery proceeded, it became increasingly clear that State Farm Lloyds was the proper Defendant.

Shortly before trial, Van Tassel filed his second motion to remand (#1-11, Ex. K), based on "new information," stating that State Farm Lloyds misrepresented that it was incorrectly named in this suit, that when he filed his first motion he thought **Inc.** was not a citizen of Texas and that Hutchins was properly joined, but that now he realized that all the named parties were citizens of Texas at the time of the improper removal by nonparty State Farm Lloyds, and thus the case should be remanded for lack of subject matter jurisdiction. He notes that the state court did not dismiss **Inc.** or Hutchins from the action, nor did it allow State Farm Lloyds to appear as a defendant nor to intervene as a real party in interest.  Thus

6/9

as a nonparty, State Farm Lloyds did not have the right to remove the case to begin with.  Van Tassel represented that he actually intended to sue **Inc**.  Agreeing that State Farm Lloyds had never properly become a party in this suit, nominally against **Inc**, never moved to intervene nor asked the court to substitute it for **Inc.**, that Plaintiff served **Inc.**, not State Farm Lloyds, that **Inc.** was never dismissed from the suit, and that Van Tassel maintained that he did not sue **Inc.** in error, the undersigned judge, in deference to the long established rule that a plaintiff is the master of his petition, granted the second motion and remanded the case to allow Van Tassel to pursue the proper party.  #1-2, Ex. L. available at Civ. A. No. 4:14-CV-3711, 2014 WL 1386002 (S.D. Tex. Apr. 9, 2014).

After the remand to state court, **Inc.** moved for summary judgment on the grounds that it was not Van Tassel's homeowner's insurer and thus not liable for breach of insurance contract, no less for bad faith.  #1-13, Ex. M.  On September 8, 2014, Van Tassel filed an Amended Petition (#1-15, Ex. O), and, contrary to his earlier representations to this Court, dropped **Inc.** and named State Farm Lloyds as the Defendant.[4]  State Farm

---

[4] Under 28 U.S.C. § 1446(b)(3) a case that is not initially removable can become removable by a plaintiff's voluntary amendment of a pleading or other paper that gives the defendant notice of changed circumstances that will then allow for removal. *S.W.S. Erectors, Inc. v. Infax,* Inc., 72 F.3d 489, 492-93 (5th Cir, 1996)(a party can remove a second time when pleadings or events create a new factual basis for removal), *citing Browning v. Navarro*, 143 F.2d 1069,1079-80 n.29 (5th Cir. 1984).

Lloyds appeared by filing an answer on October 7, 2014.  #1-16, Ex. P.  In his response (#1-14, Ex. N) to State Farm Lloyds' motion for summary judgment (#1-13, Ex. M), Van Tassel made factual statements contrary to his previous representations to this Court, i.e., he amended his pleadings to correct his earlier misnomer of State Farm Lloyds as "State Farm Lloyds, Inc." after previously insisting that the doctrine of misnomer did not apply.

Because for all intents and purposes the amended petition filed on September 8, 2014 commenced a new lawsuit after voluntary dismissal of **Inc.** and contending that Hutchins was again improperly joined with threadbare factual allegations and with identical claims against Hutchins and State Farm Lloyds, State Farm Lloyds timely removed the case on October 8, 2014.

The Court agrees, in light of the procedural history, with Van Tassel attempting to manipulate the forum by significant misrepresentations and deceptive misconduct before both this Court and the state court, that an equitable exception to the one-year limitation on removal is warranted here.  The Court again dismisses Hutchins as improperly joined for the same reasons it did so last time.

Accordingly, since the Court concludes that it does have diversity here, and because equity supports an exception to

8/9

the one-year limitation on removal of diversity cases, the Court

        ORDERS  that  Van  Tassel's  third  motion  to  remand  is

DENIED.

        SIGNED at Houston, Texas, this 31st day of July, 2015.

                      _____
                              MELINDA HARMON
                    UNITED STATES DISTRICT JUDGE