```
                UNITED STATES DISTRICT COURT
                SOUTHERN DISTRICT OF TEXAS
                     HOUSTON DIVISION
```

CHARLES VAN TASSEL,             §
                                §
        Plaintiff,              §
VS.                             §    CIVIL ACTION NO. 4:14-CV-2864
                                §
STATE FARM LLOYDS, *et al*,     §
                                §
        Defendants.             §

**<u>OPINION AND ORDER</u>**

In the above referenced cause, arising out of a claim dispute over storm damage sustained on April 4, 2012 by Plaintiff Charles Van Tassel's ("Van Tassel's") property, allegedly underpaid or denied by his homeowner's insurer Defendant State Farm Lloyds ("State Farm"),[1] Van Tassel brings claims for common law breach of insurance contract, violation of the Texas Prompt Payment of Claims statute, Texas Insurance Code Article 542.051 *et seq.*, breach of the common law duty of good faith and fair dealing, violations of the Texas Insurance Code §§ 541.051, 541.060, 541.061, and 541.152(a)-(b),[2] and violations of the Texas Deceptive Trade Practices Act ("DTPA"), Texas

---

[1] In state court before the last removal Van Tassel dropped his claims against State Farm Lloyds, Inc. and sued State Farm Lloyds instead. Defendant Andre Hutchins as been dismissed for improper joinder. Thus the style of this suit has been amended.

[2] A violation of Chapter 541 of the Texas Insurance Code is also a violation of the DTPA. *Vail v. Texas Farm Bureau Mut. Ins. Co.*, 754 S.W. 2d 129, 135 (Tex. 1988).

Business and Commerce Code §17.50(a)(1) and (3). Pending before the Court is Defendant State Farm Lloyds' ("State Farm's") motion for summary judgment (instrument #7) on the grounds that all of Van Tassel's claims are barred by the applicable statutes of limitations.

## Standard of Review

Summary judgment under Federal Rule of Civil Procedure 56(c) is appropriate when, viewing the evidence in the light most favorable to the nonmovant, the court determines that "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Allegations in a plaintiff's complaint are not evidence. *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996)("[P]leadings are not summary judgment evidence."); *Johnston v. City of Houston, Tex.*, 14 F.3d 1056, 1060 (5th Cir. 1995)(for the party opposing the motion for summary judgment, "only evidence--not argument, not facts in the complaint--will satisfy' the burden."), *citing Solo Serve Corp. v. Westown Assoc.*, 929 F.2d 160, 164 (5th Cir. 1991). The nonmovant must "go beyond the pleadings and by [his] own affidavits, or by depositions, answers to interrogatories and admissions on file, designate specific facts showing that there is a genuine issue

of material fact for trial." *Giles v. General Elec. Co.*, 245 F.3d 474, 493 (5th Cir. 2001), *citing Celotex*, 477 U.S. at 324.

The court must consider all evidence and draw all inferences from the factual record in the light most favorable to the nonmovant. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *National Ass'n of Gov't Employees v. City Pub. Serv. Board*, 40 F.3d at 712-13.

The party asserting an affirmative defense, such as the statute of limitations or estoppel, bears the burden of proof on it. *F.T.C. v. National Business Consultants, Inc.*, 376 F.3d 317, 322 (5th Cir. 2004), *cert denied*, 544 U.S. 904 (2005). *See* Fed. R. of Civ. P. 8(c)("In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense including" estoppel and statute of limitations.). Nevertheless, a "technical failure to comply precisely with Rule 8(c) is not fatal" and does not "result[] in a waiver" as long as the defendant raises the defense "in a manner that does not result in unfair surprise" and "at a pragmatically sufficient time," and the plaintiff was not prejudiced in its ability to respond." *Lucas v. United States*, 807 F.2d 414, 417 (5th Cir. 1986); *Vanhov v. United States*, 514 F.3d 447, 450 (5th Cir. 2008); *Lee v. U.S.*, 765 F.3d 521, 523-24 (5th Cir. 2014).

**Substantive Law**

Because this case was removed from Texas state court on diversity jurisdiction, Texas substantive law applies. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78-80 (1938). Therefore the Court looks to final decisions by the Texas Supreme Court or, where there are none, attempts to determine as best it can what that high court would decide about an issue by examining decisions of intermediate appellate state courts. *James v. State Farm Mutual Auto. Ins. Co.*, 719 F.3d 447, 451 (5th Cir. 2013), *citing Westlake Petrochems., L.L.C. v. United Polychem, Inc.*, 688 F.3d 232, 238 n.5 (5th Cir. 2012), and *Howe ex rel. Howe v. Scarsdale Ins. Co.*, 204 F.3d 624, 627 (5th Cir. 2000).

In Texas, the statute of limitations for a breach of insurance contract action is four years from the day the cause of action accrues. Tex. Civ. Prac. & Rem. Code § 16.051; *Stine v. Stewart*, 80 S.W. 3d 586, 592 (Tex. 2002). Under the "legal injury rule," a cause of action accrues when a wrongful act causes the legal injury, even if the injury is not discovered until later).[3] *Kuzniar v. State Farm Lloyds*, 52 S.W. 3d 759, 760 (Tex. App.--San Antonio 2001, rev. denied)(*en banc*), *citing S.V.*

---

[3] Exceptions to the rule are if the cause of action is not recognized because of fraud or fraudulent concealment or if the cause of action is "inherently undiscoverable," i.e., "by nature unlikely to be discovered within the prescribed limitations period despite due diligence."). *Kuzniar*, 52 S.W. at 760. The Court finds that Van Tassel has not alleged, no less shown, that either exception pertains here.

*v. R.V.*, 933 S.W. 2d 1, 4 (Tex. 1988). Nevertheless, under Texas Civil Practice & Remedies Code §16.070(a) the parties to a contract may reduce the four-year limitations period, subject to the following restriction:

> Except as provided by Subsection (b), a person may not enter a stipulation, contract, or agreement that purports to limit the time in which to bring suit on the stipulation, contract or agreement to a period shorter than two years. A stipulation, contract, or agreement that establishes a limitations period that is shorter than two years is void in this state.

State Farm points out that Van Tassel's policy with State Farm, (Ex. A, SF/ Van Tassel, Policy 0005 [#7-1, electronic p. 5]) contains a limitations clause requiring any suit or action to be commenced within two years and one day after the cause of action accrues:

**SUIT AGAINST US ENDORSEMENT**

**SECTION I--CONDITIONS** . . . .

**Suit Against Us**, is replaced with the following:

**Suit Against Us.** No action shall be brought unless there has been compliance with the policy provisions and the action is started within two years and one day after the date of loss or damage.

Texas courts have held that contractual limitations like this one are valid and binding. *See, e.g., Jett v. Truck Ins. Exchange*, 952 S.W. 2d 108, 109-10 (Tex. App.--Texarkana 1997)("Insurance provisions that limit the time within which to file a suit to two years and a day are valid and binding.");

*Barth v. Royal Ins. Co.*, No. 13-02-688-CV. 2004 WL 2904306, at *3 (Tex. App.--Corpus Christi Dec. 16, 2004)(approving clause limiting time to file suit to two years and one day after the cause of action accrues).

In breach of insurance contract cases, the statute of limitations runs from the insurer's denial of the claim, as the injury would occur when the insurer unreasonably failed to pay the insured's claim. Tex. Civ. Prac. & Rem. Code § 16.051; *Willoughby v. Metro Lloyds Ins. Co.*, 548 Fed. Appx. 121, 123 (5th Cir. Nov. 29, 2013); *Murray v. San Jacinto Agency, Inc.*, 800 S.W. 2d 826, 828-29 (Tex. 1990). While the rule that the statute of limitations in a claim for insurance proceeds begins to run on denial of a claim is well established, when there is no express denial Texas courts use, at the latest, the date the insurer closed the claim file as the start of the limitations period. *Kuzniar*, 52 S.W. 3d at 760-61 ("The legal injury in this case occurred when State Farm unreasonably failed to pay the Kuzniars' claim, which at the very latest was when the claim file was closed . . . .")[4]. Moreover, "[u]nder Texas law, a plaintiff's cause of action for bad faith breach of a first party insurance contract accrues at the time the insurer denies

---

[4] *In accord, Sheppard v. Travelers Lloyds of Texas Ins. Co.*, No. 14-08-00248-CV, 2009 WL 3294997, at *4-5 (Tex. App.--Houston [14th Dist.] Oct. 15, 2009, rev. denied)(date the claim file was closed is "an objectively verifiable event that unambiguously demonstrate[s the insurer's] intent not to pay the claim . . . .").

the insured's claims." *Provident Life and Acc. Ins. Co. v. Knott*, 128 S.W. 3d 211, 221 (Tex. 2003), *citing Murray v. San Jacinto Agency, Inc.*, 800 S.W. 2d 826, 828 (Tex. 1990).

At issue in this suit was whether Van Tassel's initial petition suing State Farm Lloyd's, Inc. was a misnomer or misidentification of the proper Defendant, with Van Tassel insisting until recently that it was a misnomer. Texas courts recognize the legal distinction between misnomer and misidentification of a defendant. *Enserch Corp. v. Parker*, 794 S.W. 2d 2, 4 (Tex. 1990). *See* 67A C.J.S. § 176. Misnomer and misidentification [footnotes omitted], which explains:

> "A misnomer" is a mistake in name or the provision of an incorrect name to the person in an accusation or pleading; it means nothing more than that a party has been sued in other than his or her own name. A misnomer occurs when a plaintiff intends to sue the correct defendant and misnames him in the petition or citation but nevertheless describes events in the document in such a way that the correct defendant, receiving service, understands that he or she is the intended defendant. Most important of all, the intended defendant must actually be served with the citation in order to establish that adequate notice of the suit was given.
>
> A "misidentification," on the other hand, occurs when two separate legal entities exist, and a plaintiff mistakenly sues an entity with a name similar to that of the correct entity. Because a misidentification directs the documents regarding the action [to] the wrong entity, the correct defendant is generally not put on notice of the action, and consequences of misidentification are harsh.
>
> With a misnomer, not only is limitations tolled, but a

subsequent amendment of the petition relates back to the date of the original petition. *Enserch*, 794 S.W. 2d at 4-5. If the plaintiff is mistaken about which of two defendants is the correct one and sues the wrong party, i.e., a misidentification, generally limitations is not tolled. *Id.* at 5. There is, however, an exception in misidentification cases, recognized in *Continental Southern Lines, Inc. v. Hilland*, 528 S.W. 2d 828, 831 (Tex. 1975), and *Chilkewitz v. Hyson*, 22 S.W. 3d 825, 830 (Tex. 1999), that "limitations may be tolled when the plaintiff sues an incorrect entity if there are two separate but related entities that use a similar trade name and the correct entity had notice of the suit and was not misled or disadvantaged by the mistake."

"'Judicial estoppel prevents a party from asserting a position in a legal proceeding that is contrary to a position previously taken in the same or some earlier proceeding.'" *Tranverse, LLC v. Iowa Wireless Services, LLC*, ____ Fed. Appx. , No. 13-51098, 2015 WL 3622798, at *3 (5th Cir. July 11, 2015), *quoting Hall v. GE Plastic Pac. PTE Ltd.*, 327 F.3d 391, 396 (5th Cir. 2003). To warrant application of judicial estoppel, a party must show (1) that the party's current position is clearly inconsistent with its previous position and (2) the party must have persuaded the court to accept its previous position. *Id., citing id. See also Reed v. City of Arlington*, 650 F.3d 571,

8 / 18

574 (5th Cir. 2011)(*en banc*)(the party arguing for judicial estoppel must show that "(1) the party against whom judicial estoppel is sought has asserted a legal position which is plainly inconsistent with a prior position; (2) a court accepted the prior position; and (3) the party did not act inadvertently.[5]"). Judicial estoppel is an equitable doctrine that may be "invoked where intentional self-contradiction is being used as a means of obtaining unfair advantage in a forum provided for suitors seeking justice." *Kane v. Nat'l Union Fire Ins. Co.*, 535 F.3d 380, 385 (5th Cir. 2008). One purpose of the equitable doctrine is "to prevent litigants from playing fast and loose with the courts." *Hall*, 327 F.3d at 396. Judicial estoppel protects "the integrity of the judicial process." *United States ex rel. American Bank v. C.I.T. Construction Inc. of Texas*, 944 F.2d 253, 256 (5th Cir. 1991). The United States Supreme Court declined to "'establish inflexible prerequisites or an exhaustive formula for determining the applicability of judicial estoppel'" and instead opined that "different considerations 'may inform the doctrine's application in specific factual contests.'" *Reed*, 650 F.3d at 574. *quoting New Hampshire v. Maine*, 532 U.S. 742, 751 (2001).

---

[5] In *Gabarick v. Laurin Maritime (America) Inc.*, 753 F.3d 550, 553 n.3 (5th Cir. 2014), the court stated that the third element is only applicable "when the judicial estoppel is based on the non-disclosure of a claim in a prior bankruptcy proceeding."

Another affirmative defense, the doctrine of unclean hands, permits a court to refuse to grant equitable relief sought by

> "'one whose conduct in connection with the same matter or transaction has been unconscientious, unjust or marked by a want of good faith, or one who has violated the principles of equity and righteous dealing.' In addition, the complaining party must show an injury to himself arising from the conduct. 'The clean hands maxim should not be applied when the defendants have not been seriously harmed and the wrong complained of can be corrected without applying the doctrine.'"

*In re Jim Walters Homes, Inc.*, 207 S.W. 3d 888, 899 (Tex. App.--Houston [14th Dist.] 2006), *quoting Thomas v. McNair*, 882 S.W. 2d 870, 880 (Tex. App.--Corpus Christi 1994, no writ). Whether a party has come into court with clean hands is a matter within the sound discretion of the court. *Thomas*, 882 S.W. 2d at 880. With respect to the clean hands doctrine, "Texas courts have long spoken in terms weighing the equities, even when foreclosing recovery completely; the inquiry must go beyond an analysis of the plaintiff's errors of omission or commission, to balance these against the defendant's unjust acts." *Bank of Saipan v. CNG Financial Corp.*, 380 F.3d 836, 841 (5th Cir. 2004).

### State Farm's Motion for Summary Judgment (#7)

State Farm argues that Van Tassel's cause of action against State Farm accrued on May 9, 2012. After describing in detail the history of the investigation, inspection, estimates, repairs, re-inspections, etc. performed by State Farm and its

agents, State Farm states that adjuster Andre Hutchins determined that Van Tassel's roof did not warrant full replacement, prepared his estimate of damage in the total amount of $863.71, which was less that the policy's deductible of $1,264.00, on May 2, 2012, mailed a copy of his estimate along with his decision letter to Van Tassel, and, significantly, closed the claim file on May 9, 2012. Ex. C, Van Tassel claim file of State Farm. Thus limitations began to run from that date.

As detailed in the Court's previous Opinion and Order denying Van Tassel's third motion to remand, initially Van Tassel sued the wrong party. Though given substantial notice by State Farm throughout the course of this litigation, counsel for Van Tassel insisted that he would pursue his claim against State Farm Lloyds, Inc., that he intended to sue that entity instead of State Farm, and that his choice to sue State Farm Lloyds, Inc. was not a misnomer. Only on September 8, 2014, after being remanded to state court, did counsel for Van Tassel amend his petition, drop State Farm Lloyds, Inc., and name State Farm as Defendant. Thus, argues State Farm, his suit against State Farm for breach of insurance contract was commenced more than two years and a day after his cause of action accrued on May 9, 2012 and is barred by limitations.

Van Tassel's extra-contractual claims for breach of good

11 / 18

faith and fair dealing and violations of the Texas Insurance Code are subject to a two-year statute of limitations. Tex. Ins. Code § 541.162; Tex. Civ. Prac. & Rem. Code § 16.003(a). In *Provident Life and Accident Ins. Co.*, 128 S.W. 3d at 220-21, the Texas Supreme Court held that the insured's extra-contractual causes of action against the insurer for misrepresentation, breach of duty of good faith and fair dealing, and violations of the Texas Insurance Code and the DTPA were governed by a two-year statute of limitations that accrued upon the denial of the insured's claim for benefits under the policy. *See also Johnson & Higgins of Texas, Inc.*, 962 S.W. 2d 507 (Tex. 1998)(applying two-year statute of limitations to all claims grounded in the Texas Insurance Code). State Farm argues that Van Tassel's causes of action for bad faith and alleged violations of the Texas Insurance Code accrued when State Farm determined that Plaintiff's claim did not exceed his deductible and closed the file on May 9, 2012 and therefore Van Tassel's claim for breach of duty of good faith and fair dealing and violations of the Texas Insurance Code are also time-barred.

Next, State Farm maintains that Van Tassel is judicially estopped from asserting now that his suit against State Farm Lloyds, Inc. was a misnomer and that it was the wrong party defendant because he took the contrary position before this Court when he filed his second motion to remand (Ex. D, ¶ 15)

and insisted that he had sued the right party and that the doctrine of misnomer did not apply.[6] Thus State Farm charges that he "played fast and loose" with the Court in insisting the case was not a misnomer or a misidentification. After the suit was remanded, when State Farm Lloyds, Inc. moved for summary judgment on the grounds that it could not be liable under a policy issued by State Farm or for bad faith denial under that policy, Van Tassel amended his petition, dropped State Farm Lloyd's, Inc. from the suit, and named State Farm as the defendant. Unlike a misnomer, a misidentification does not toll the statute of limitations. *Dalton v. State Farm Lloyd's, Inc.*, 4 F. Supp. 3d 859, 864-65 (S.D. Mar. 4, 2014), *citing De Jongh v. State Farm Lloyds*, 555 Fed. Appx. 435, 437 n.3 (5th Cir. 2014).

### Van Tassel's Response (#13)

Even though Van Tassel futilely insisted for most of this litigation that the doctrine of misnomer did not apply here to his suit against State Farm Lloyds, Inc., Van Tassel now argues for application of the equitable exception to the general rule under *Enserch*, 794 S.W. 2d at 5, that misidentification does not toll the statute of limitations. He claims that he satisfies the requirements for equitable tolling because even though he

---

[6] Based on these misrepresentations, the Court held that State Farm was not, and never had been, a party to this suit and thus could not remove it, and remanded the case to state court.

sued the wrong defendant, the correct defendant, State Farm, had notice of the suit and was cognizant of the facts, as evidenced by its answering the suit and removing it even though it was not named as the Defendant. *Chilkewitz*, 22 S.W. 3d at 830; *Diamond v. Eighth Ave. 92, LC*, 105 S.W. 3d 691, 695 (Tex. App.--Fort Worth, no pet.). Ex. B. He notes that not only did State Farm insist from commencement of this action is state court that it was the proper defendant and remove the case originally, but after that removal State Farm filed a certificate of interested parties in the case, identifying itself as the defendant and stating that it had been "misnamed" as State Farm Lloyds, Inc., made an offer of judgment, made disclosures, propounded discovery, answered discovery, and otherwise vigorously litigated the suit for nearly two years. Exs. C, D, E, F, G, H, I. Van Tassel argues that State Farm met the third element for equitable tolling, i.e., that it was not misled or disadvantaged by the mistake. *Id.; id*. Citing *Palmer v. Enserch Corp.*, 728 S.W. 2d 431, 434 (Tex. App.--Austin 1987, writ ref'd n.r.e.), he asserts, "The plaintiff's diligence in preventing the running of limitations is not the issue; the issue is whether the legitimate purpose of limitations would be served by applying it where no party is misled or disadvantaged by the error in pleading." Contending that any argument State Farm makes to avoid equitable tolling is "squarely defeated" by State Farm's

14 / 18

contention in its response to Van Tassel's second motion to remand (Ex. A, ¶ 18):

> [E]ven if Plaintiff's original state court petition did misidentify State Farm Lloyds, the exception to the misidentification rule applies because State Farm Lloyds and State Farm Lloyds, Inc. are separate but related entities that use a similar trade name; State Farm Lloyds had notice of the lawsuit; and State Farm Lloyds was not misled or prejudiced by Plaintiff's mistake.

### State Farm's Reply (#14)

State Farm agrees that it has been an active participant in this case since its commencement, participated in discovery, filed responses to Van Tassel's motions, and always argued that it was the proper defendant, that Van Tassel misnamed State Farm as State Farm Lloyds, Inc., and that State Farm was not misled or prejudiced by Van Tassel's error in misnaming the defendant at the time.  In contrast up to just a month before the trial date in this Court, Van Tassel adamantly denied that he erroneously sued State Farm Lloyds, Inc., a citizen of Texas like himself.  Noting the black letter rule that a plaintiff is the master of his complaint and the lack of diversity between Van Tassel and  State Farm Lloyds, Inc., the undersigned judge remanded the case to state court.  Invoking the doctrine of unclean hands, State Farm contends that Van Tassel's "convenient change of heart should not be applauded."  #14 at p. 2.

State Farm contends that although it was not misled or

prejudiced at the time it filed its response to Van Tassel's second motion to remand, which was granted, it is now. Specifically, Van Tassel wasted two years of this Court's time and resources merely to avoid a trial date against a party that Van Tassel knew was not the correct defendant insurer. He steadily maintained that he did not intend to sue State Farm, but once the case was remanded, he dropped State Farm Lloyds, Inc. and added State Farm as the defendant. Thus State Farm has been prejudiced by being forced to re-litigate this case from square one, a suit that Van Tassel represented to the Court that he did not intend to pursue against State Farm. Contradicting his statement in his second motion to remand a year ago (#7-5), Van Tassel now admits that he misrepresented the intended party in order to obtain the remand, in his response to State Farm's motion for summary judgment, #13 at ¶ 28.[7] Ironically, because

---

[7] In that response he stated, *id.*,

> Here, it is undisputed that the correct defendant--State Farm--had notice of the suit and was cognizant of the facts. The correct defendant--State Farm--appeared in the suit and even identified itself as Defendant less than a month after it was filed. The correct defendant--State Farm--purported to remove the case to federal court. The correct defendant--State Farm--filed a certificate of interested parties identifying itself as Defendant and noting that it had been "misnamed" as State Farm Lloyds, Inc. The correct defendant--State Farm--made an offer of judgment, made disclosures (again self-identifying as Defendant and alleging misnomer), propounded discovery, answered discovery, and otherwise vigorously litigated the suit for almost two years.

of Van Tassel's misrepresentations, the statute of limitations on his claims against State Farm has expired. His request that the Court equitably toll the statute of limitations is clearly outweighed by his prior persistent misrepresentations that have misled the Court and State Farm Lloyds, Inc. State Farm claims that it has been seriously injured by Van Tassel's misrepresentations in that it was deprived of federal jurisdiction, it was deprived of a timely trial, and it is now being forced to litigate an untimely lawsuit that Plaintiff previously represented to this Court that he never intended to bring against State Farm. Because Van Tassel comes to this Court with unclean hands, he is not entitled to equitable relief. *In re Francis*, 186 S.W. 3d 534, 551 (Tex. 2006). State Farm further points out that Van Tassel has not cited any authority suggesting that courts should condone his behavior.

### Court's Decision

The Court fully concurs with State Farm that it is entitled to summary judgment on limitations grounds on all claims asserted against State Farm in the Amended Petition. It agrees that Van Tassel is judicially estopped from asserting now that his suit against State Farm Lloyds, Inc. was a misnomer and that State Farm Lloyds, Inc. was the wrong party defendant. Furthermore the Court finds that State Farm has met its burden to show that Van Tassel comes to the Court with unclean hands in

his request for equitable tolling and that his request should be denied.

Accordingly, the Court

ORDERS that State Farm's motion for summary judgment is GRANTED.  A final judgment shall issue by separate order.

SIGNED at Houston, Texas, this 31st day of July, 2015.

                                                                            _____
                                                                               MELINDA HARMON
                                                          UNITED STATES DISTRICT JUDGE